RENE L. VALLADARES
Federal Public Defender
State Bar No. 11479
LAUREN D. GORMAN
State Bar No. 11580
Assistant Federal Public Defender
201 West Liberty Street, Suite 102
Reno, Nevada 89501-2027
Telephone: (775) 321-8451
Facsimile: (775) 784-5369

Counsel for WILLIAM GILBERT EISENHOUR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:14-cr-27-RCJ-VPC |
| Plaintiff, | **MOTION FOR NOTICE OF INTENT TO INTRODUCE EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)** |
| v. | |
| WILLIAM GILBERT EISENHOUR, | |
| Defendant. | |

**CERTIFICATION**

This motion for notice of intent to introduce evidence pursuant to Federal Rule of Evidence 404(b) is timely filed on or before July 8, 2013.

**MOTION**

Defendant WILLIAM GILBERT EISENHOUR, by and through his attorney, and pursuant to Federal Rule of Evidence 404(b), moves this court for an order directing the government to provide reasonable notice in advance of trial (**one month in advance of trial**) of the general nature of any evidence under Rule 404(b) of the Federal Rules of Evidence of other crimes, wrongs, or acts which it deems admissible for purposes of proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

///

///

///

1

**POINTS & AUTHORITIES**

Federal Rule of Evidence 404(b) provides that "upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any [Federal Rule of Evidence 404(b) evidence] it intends to introduce at trial. Fed. R. Evid 404(b). What is "reasonable notice in advance of trial" depends upon the individual case. The 1991 Amendments to Federal Rule of Evidence 404(b) require the prosecution to provide notice, regardless of how it intends to use the extrinsic act evidence at trial, i.e., "during its case-in-chief, for impeachment, or for rebuttal." Advisory Committee Note to 1991 Amendment to Fed. R. Evid. 404. Here, one month notice should permit undersigned defense counsel to file motions-in-limine regarding the use of other act evidence. See United States v. Heatley, 994 F.Supp. 483, 491 (S.D.N.Y. 1998) (government's offer to make disclosures within ten days of trial deemed inadequate notice; rather, court required government to make those disclosures, "with a full and particularized explanation of the grounds for admissibility of such evidence," within three weeks of trial).

**1.  Federal Rule of Evidence 404(b).**

Federal Rule of Evidence 404(b) provides that:

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Fed. R. Evid. 404(b); United States v. Mayans, 17 F.3d 1174, 1181 (9th Cir. 1994).

Evidence of prior acts and crimes may be admitted, subject to later Federal Rule of Evidence 403 balancing, if: (1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in cases where knowledge, intent or identity are at issue) the act is similar to be offense charged. United States v. Vizcarra-Martinez, 66 F.3d 1006, 1013 (9th Cir. 1995), citing Mayans, 17 F.3d at 1181 (trial court's procedures in applying this 4 part test flawed).

2

1    The proponent of Federal Rule of Evidence 404(b) evidence bears the burden of establishing its admissibility pursuant to Federal Rule of Evidence 104. Vizcarra-Martinez, 66 F.3d at 1013; United States v. Adrian, 978 F.2d 486, 492 (9th Cir. 1993) (reversed and remanded with instructions). In applying this test for admissibility of Federal Rule of Evidence 404(b) evidence, the Ninth Circuit has cautioned that:

> ... extrinsic act evidence is not looked upon with favor. We have stated that our reluctance to sanction the use of evidence of other crimes stems from the underlying premise of our criminal justice system, that the defendant must be tried for what he did, not for who he is. Thus, guilt or innocence of the accused must be established by evidence relevant to the particular offense being tried, not by showing that the defendant has engaged in other acts of wrongdoing."

Vizcarra-Martinez, 66 F.3d at 1013-1014 & Mayans, 17 F.3d at 1181, quoting United States v. Bradley, 5 F.3d 1317, 1320 (9th Cir 1993) (internal quotation marks and citations omitted).

**2.    Federal Rule of Evidence 403.**

Federal Rule of Evidence 404(b) "is designed to avoid a danger that the jury will punish the defendant for offenses other than those charged, or at least that it will convict when unsure of guilt, because it is convinced that the defendant is a bad man deserving of punishment." Bradley, 5 F.3d at 1321, quoting United States v. Hill, 953 F.2d 452, 457 (9th Cir. 1991), quoting United States v. Brown, 880 F.2d 1012, 1014 (9th Cir. 1989). See also United States v. Vavages, 151 F.3d 1185, 1193-1194 (9th Cir. 1998) (Ninth Circuit expresses its concern that Vavages' prior conviction for possession with intent to distribute marijuana was admitted as Federal Rule of Evidence 404(b) evidence in possession with intent to distribute marijuana prosecution).

A trial court, therefore, must assess the probative value of Federal Rule of Evidence 404(b) evidence against preclusive factors of Federal Rule of Evidence 403. Mayans, 17 F.3d at 1183; Bradley, 5 F.3d at 1319-1320. Rule 403 directs trial judges to exclude otherwise admissible evidence if "its probative value is substantially outweighed by the danger of unfair prejudice ... or needless presentation of cumulative evidence. Fed. R. Evid. 403. Rule 403 provides necessary protection against unfairly prejudicial evidence which might otherwise be admitted under Rule 404(b). Mayans, 17 F.3d at 1183.

3

1    The probative value of a given item of evidence, as distinct from its relevance, is determined
2    by comparing evidentiary alternatives. Old Chief v. United States, 519 U.S. 172, 117 S.Ct. 644, 652-
3    53 (1997).  The availability of other, less prejudicial, evidence on the same point ordinarily reduces
4    the probative value of the Rule 404(b) evidence, giving consideration to the offering party's need
5    for the Rule 404(b) evidence.  Old Chief, 519 U.S. 172, 117 S.Ct. at 652-54.  Prior bad act evidence
6    tends to over-persuade the jury so as to prejudge a defendant's guilt and deny him a fair opportunity
7    to defend against the charges.  See Old Chief, 519 U.S. at 181 ("the overriding policy of excluding
8    [extrinsic evidence], despite its admitted probative value, is the practical experience that its
9    disallowance tends to prevent confusion of issues, unfair surprise and undue prejudice.").  Evidence
10   of prior misconduct may also lead jurors to discount the risk of an erroneous conviction since the
11   defendant already has a criminal record and may be a bad person who deserves to be punished.

12   If the incremental value is slight, and the possibility of prejudice through misuse by the jury
13   great, the court should exclude the evidence under Rule 403.  Arizona v. Elmer, 21 F.3d 331, 336
14   (9th Cir. 1994) (trial court did not abuse its discretion in excluding Rule 404(b) evidence of a
15   subsequent June 12, 1992 similar shooting in prosecution for ten count of aggravated assault for
16   allegedly shooting at 20 to 30 aliens who, on March 18, 1992, had crossed the border into the United
17   States; even if relevant, the Rule 404(b) evidence was extremely prejudicial and thus, unfairly
18   prejudicial under Rule 403); United States v. Hill, 953 F.2d 452, 456-460 (9th Cir. 1991) (evidence
19   unfairly prejudicial given danger jury would view testimony regarding prior drug use as evidence
20   defendant was more likely to participate in current drug transaction far outweighed its arguable
21   utility in providing a logical connection between third person and defendant); United States v. Bejar-
22   Matrecious, 618 F.2d 81, 84 (9th Cir. 1980) (in prosecution for illegal reentry into the United States
23   after having been deported, the prior judgment of conviction, although relevant to issue of
24   defendant's status as an alien, was so prejudicial that it should have been excluded because where
25   the prior act closely resembles the newly charged offense the jury is likely to infer that, having once
26   committed a the crime, the defendant is likely to do it again).
27   ///
28

4

Unfair prejudice under Rule 403 refers to the tendency of certain evidence to provoke an emotional response in the jury or otherwise to suggest a decision on an improper basis. <u>United States v. Roberts</u>, 88 F.3d 872, 880 (10th Cir. 1996) (evidence is unfairly prejudicial if it makes conviction more likely because it provokes an emotional response or otherwise tends to affect adversely the jury's attitude toward a defendant apart from its judgment as to the guilt of the crime charged). <u>See also</u> <u>Old Chief</u>, 117 S.Ct. at 860. As the Ninth Circuit reasoned when it balanced similar factors and excluded impeachment evidence in <u>United States v. Bagley</u>, 772 F.2d 482 (9th Cir. 1985):

> As we recognized in <u>United States v. Field</u>, where, as here, the prior conviction is sufficiently similar to the crime charged, there is substantial risk that all exculpatory evidence will be overcome by a jury's fixation on the human tendency to draw a conclusion which is impermissible in law: because he did it before, he must have done it again. Such a risk was clearly present in this case.

<u>United States v. Bagley</u>, 772 F.2d 482, 488 (9th Cir. 1985), <u>cert. denied</u>, 475 U.S. 1023 (1986).

## **CONCLUSION**

For the reasons set forth above, undersigned counsel requests that this court order that the government provide notice of Federal Rule of Evidence 404(b) one month prior to trial to permit the timely filing and consideration of motions in limine to exclude such evidence.

ORDER

IT IS SO ORDERED this 25th day of August, 2014.

_____
ROBERT C. JONES